UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DALLAS LEE WASHINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:16-cv-1526-JMS-TAB |
| ) | |
| KEITH BUTTS, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

The petition of Dallas Washington for a writ of habeas corpus must be denied and this action dismissed for lack of jurisdiction. In addition, a certificate of appealability shall not be issued. These conclusions rest on the following facts and circumstances:

1. Washington is a state prisoner serving the executed portion of sentences imposed following his convictions in a state court for Rape, Robbery, and Criminal Recklessness, along with being found to be a habitual offender. *See Washington v. State*, 511 N.E.2d 452 (Ind. 1987). Other challenges to his convictions and/or sentences in the Indiana state courts have been unsuccessful.

2. In addition to his challenges in the state courts, Washington filed an action for habeas corpus relief in the Northern District of Indiana. This prior action for habeas corpus relief was dismissed with prejudice in *Dallas Washington v. Superintendent*, No. 3:12-CV-003, 2012 WL 5361755 (N.D.Ind. Oct. 29, 2012). A certificate of appealability was denied.

3. This action was then filed on June 21, 2016 in a petition signed by Washington on June 7, 2016.

4.      The respondent argues that the present action is an unauthorized second or successive habeas petition and hence must be dismissed for lack of jurisdiction.

5.      The habeas petition in No. 3:12-cv-003 was dismissed with prejudice as having been filed beyond the applicable statute of limitations. This was a disposition on the merits. *See Gonzalez v. Crosby,* 545 U.S. 524, 532 n.4 (2005)(explaining that a habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)"); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005)("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice, barring relitigation."); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) ("We hold today that a prior untimely [28 U.S.C. § 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is not a curable technical or procedural deficiency. . . .").

6.      When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996). This statute "'is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page,* 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing *en banc*, 179 F.3d 1024 (7th Cir. 1999). "'A district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.' *Id.*

7. With the prior habeas petition having been adjudicated on the merits, and in the absence of authorization for the present filing from the Court of Appeals, this action must now be dismissed for lack of jurisdiction.

8. Judgment consistent with this Entry shall now issue.

9. Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. § 2253(c), the court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: January 5, 2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Dallas Washington
855859
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362